IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THE PENN MUTUAL LIFE  
INSURANCE COMPANY,

        Plaintiff,

  v.                              Civil Action No. 09-677-JJF

BARBARA GLASSER 2007  
INSURANCE TRUST, CHRISTIANA  
BANK & TRUST COMPANY, as  
trustee of the BARBARA  
GLASSER 2007 INSURANCE TRUST,  
and JARED L. BECKER,

        Defendants.

---

Stephen C. Baker, Esquire and Katherine L. Villanueva, Esquire of DRINKER BIDDLE & REATH LLP, Philadelphia, Pennsylvania.

David P. Primpack, Esquire of DRINKER BIDDLE & REATH LLP, Wilmington, Delaware.

Attorneys for Plaintiff.

John E. Failla, Esquire; Elise A. Yablonski, Esquire and Nathan Lander, Esquire of PROSKAUER ROSE LLP, New York, New York.

John E. James, Esquire and David E. Moore, Esquire of POTTER, ANDERSON & CORROON LLP, Wilmington, Delaware.

Attorneys for Defendant-Counterclaim Plaintiff Barbara Glasser 2007 Insurance Trust.

**MEMORANDUM OPINION**

July 30, 2010  
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court is Plaintiff The Penn Mutual Life Insurance Company's ("Penn Mutual") Motion To Dismiss The Counterclaims of Defendants Barbara Glasser 2007 Insurance Trust And Christiana Bank & Trust Company. (D.I. 17.) For the reasons discussed, Penn Mutual's Motion will be granted in part and denied in part.

## I. BACKGROUND

On September 11, 2009, Penn Mutual initiated this declaratory judgment action against Defendants Barbara Glasser 2007 Insurance Trust ("the Trust"), Christiana Bank and Trust Company, as trustee of the Glasser Trust, and Jared L. Becker. (D.I. 1.) The dispute stems from a life insurance policy issued by Penn Mutual to the Trust on the life of Barbara Glasser ("Ms. Glasser"). (Id. ¶ ?.)

By its Complaint, Penn Mutual alleges that Ms. Glasser, who was seventy-three years old at the time, was approached by Jared Becker and/or other promoters to participate in a stranger oriented life insurance ("STOLI")[1] scheme. (Id. ¶¶ 18-20.) Penn Mutual alleges that the Trust was created on June 20, 2007, and that Ms. Glasser applied for a $1.5 million life insurance policy

---

[1] STOLI refers to an arrangement in which speculative investors in a secondary market seek to obtain pecuniary interests in life insurance policies on individuals with whom they have no prior relationship. (D.I. 1 ¶ 8.)

on August 30, 2007 (the "Application"). (Id. ¶¶ 20, 23.) A policy was issued by Penn Mutual on September 12, 2007 (the "Glasser Policy"). (Id. ¶ 34.) According to Penn Mutual, "neither the [T]rust not the [Glasser P]olicy were intended for legitimate insurance-related purposes," but rather, "it was intended from the outset that the [P]olicy would be transferred to an investor in the secondary market, and the use of the [T]rust was to conceal the true purpose of the [P]olicy." (Id. ¶ 19.)

Penn Mutual seeks a declaratory judgment under 28 U.S.C. § 2201 that the Glasser Policy is "void or voidable due to the lack of insurable interest at the inception and/or material misrepresentation in the application policy." (Id. ¶ 1.) The Trust asserts two counterclaims against Penn Mutual, seeking: (1) a declaration that, inter alia, the Glasser Policy is in full force and effect, and that Penn Mutual is bound by the conduct if its agents; and (2) damages for breach of the duty of good faith. (D.I. 14.)

## II. LEGAL STANDARD UNDER FED. R. CIV. P. 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept all factual

allegations in a complaint as true and view them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Assuming the factual allegations are true, even if doubtful in fact, the "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While the complaint need not make detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. (internal quotations and citations omitted). Thus, stating a claim upon which relief can be granted "'requires a complaint with enough factual matter (taken as true) to suggest' the required element" of a cause of action. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(citing Twombly, 550 U.S. at 556.) In sum, if a complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), then the complaint is "plausible on its face," and will survive a motion to dismiss under Rule 12(b)(6). Twombly, 550 U.S. at 570.

## III. DISCUSSION

### A. Whether The Glasser Trust's Counterclaim For Declaratory Relief Should Be Dismissed

Penn Mutual contends that the Trust's declaratory judgment counterclaim should be dismissed because it is duplicative of Penn Mutual's original claims, and therefore, will necessarily be resolved in the context of Penn Mutual's claims. (D.I. 18 at 3.) In response, the Trust contends that its declaratory judgment counterclaim is not duplicative because it seeks a broader declaration of the Trust's rights under the Glasser Policy. Specifically, the Trust contends that a ruling adverse to Penn Mutual on its claims would only result in a judgment that Penn Mutual may not rescind or void the insurance policy, but the Trust is seeking a judgment that the Glasser Policy is valid and enforceable for all purposes. (Id. at 8-9; D.I. 24 at 8-10.)

The Third Circuit has suggested that dismissal of a declaratory judgment counterclaim is appropriate "where it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim," and where "the prayer for declaratory relief is redundant and [would] bec[o]me moot upon disposition of the counterclaim." Aldens v. Packel, 524 F.2d 38, 51-52 (3d Cir. 1975)(citing 6 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1406 (1971)). District courts in the Third Circuit have dismissed declaratory judgment counterclaims when such a complete

4

identity of legal and factual issues exists. See e.g., Principal Life Ins. Co. v. Minder, C.A. No. 08-5899, 2009 U.S. Dist. LEXIS 56568, at *5 (E.D. Pa. July 1, 2009)(Bartle, J.). But see Iron Mountain Sec. Storage Corp. v. Am. Specialty Foods, Inc., 457 F. Supp. 1158, 1161-62 (E.D. Pa. 1978)(Luongo, J.)("I know of no rule preventing the assertion of a counterclaim merely because the theory relied upon is the converse of that in the complaint."). However, "[c]onsidering the difficulty in determining whether a declaratory judgment counterclaim is in fact redundant prior to trial, . . . authorities suggest that a court should dismiss such counterclaims only when there is no doubt that they will be rendered moot by adjudication of the main action." Principal Life Inc. Co. v. Lawrence Rucker 2007 Ins. Trust, 674 F. Supp. 2d 562, 566 (D. Del. 2009)(Thynge, J.)(citations omitted).

The Trust seeks a declaration that there is no basis for rescission of the Glasser Policy. (D.I. 14, Counterclaims ¶ 27.) In this respect, the declaratory judgment counterclaim is redundant of Count I of Penn Mutual's Complaint, in which Penn Mutual seeks a declaration that the Glasser Policy is void because it was issued in reliance on material misrepresentations. A finding in Penn Mutual's favor that the insurance policy is void on these grounds necessarily moots the declaration sought by the Trust.

Further, the Trust seeks declarations that Penn Mutual is bound by the representations of its agents, and that any fraud or misrepresentations by its agents are imputed to Penn Mutual. (Id. ¶¶ 28-29.) In these respects, the declaratory judgment sought by the Trust is not redundant of Penn Mutual's claims. The Trust's counterclaim implicates legal and factual issues related to agency that will not necessarily be mooted by a determination on Penn Mutual's claims. For example, a decision adverse to Penn Mutual on Count I (i.e., that the Glasser Policy is not void for being issued in reliance upon material misrepresentations) does not resolve whether Penn Mutual's agents were nevertheless acting adversely to Penn Mutual's interests and whether their representations were imputed to Penn Mutual.

Finally, to the extent the Trust seeks a declaration that the Glasser Policy is otherwise valid and in full force and effect (Id. ¶ 31), its counterclaim fails for lack of an actual controversy. Pursuant to the Declaratory Judgment Act, a federal court may "declare the rights and other legal relations of any interested party seeking such declaration," where a "case of actual controversy" exists. 28 U.S.C. § 2201. A "case of actual controversy" means one of a justiciable nature. Ashwander v. Tenn. Valley Auth., 297 U.S. 288, 325 (1936). "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." Aetna Life Ins. Co. v.

Haworth, 300 U.S. 227, 240-241 (1937). In other words, "[i]t must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts." Id. at 241. Further, the controversy must be ripe for judicial adjudication, meaning that it cannot be "nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc., 344 U.S. 237, 244 (1952).

Accordingly, the Court concludes that Penn Mutual's Motion will be granted in part and denied in part with respect to the Trust's declaratory judgment counterclaim.

### B. Whether The Glasser Trust's Counterclaim For Breach Of The Duty Of Good Faith Should Be Dismissed

Penn Mutual contends that the Trust's counterclaim for breach of the duty of good faith should be dismissed because it is not supported by any actionable conduct in that Penn Mutual has not denied any claims made on the Glasser Policy. (D.I. 18 at 6-8.) Further, Penn Mutual contends that the Trust has failed to allege any recoverable damages with respect to this counterclaim. (Id. at 8.) The Trust responds that by bringing

7

the instant action and attempting to rescind a valid agreement, Penn Mutual improperly acted outside the scope of the Policy. (D.I. 24 at 10-13.)

Accepting as true the allegations asserted in the Counterclaims by the Trust,[2] the Court concludes that the Trust has not adequately stated a claim for breach of the duty of good faith. Under Delaware law, the implied covenant of good faith and fair dealing applies to insurance contracts, and prohibits a party to a contract from acting arbitrarily or unreasonably to prevent the other party from receiving the fruits of the contract. Dunlap v. State Farm Fire and Cas. Co., 878 A.2d 434, 442. Thus, a party breaches this covenant when its conduct "frustrates the overarching purpose of the contract." Id. (internal quotations omitted). Stating a claim for breach of the duty of good faith and fair dealing under Delaware law requires that "the plaintiff [] allege a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damages to the plaintiff." Anderson v. Wachovia Mortgage Corp., 497 F. Supp. 2d 572, 581-82 (D. Del. 2007)(citing

---

[2] The Trust alleges that Penn Mutual lacks a reasonable basis to seek rescission of the Glasser Policy on the grounds of misrepresentation or lack of an insurable interest because the Trust's responses were accurate, and because an insurable interest existed under Delaware statute. (Counterclaims ¶¶ 37-38.) Further, the Trust alleges that Penn Mutual is seeking to rescind the Glasser Policy based on information not sought in the Application. (Id. ¶ 39.)

8

Fitzgerald v. Cantor, Civ. A. No. 16297-NC, 1998 WL 842316, at *1 (Del. Ch. Nov. 10, 1998)).

An insurance company can breach the duty of good faith and fair dealing even where there is no denial of a claim for benefits. See Dunlap, 878 A.2d at 443 (the scope of the duty of good faith and fair dealing is not limited to an insurance company's obligation to fairly process and pay claims). However, the Trust has failed to identify a specific implied contractual obligation that Penn Mutual has allegedly violated. In the Court's view, the Trust is essentially alleging that Penn Mutual has breached the duty of good faith by bringing its declaratory judgment action. The Court is not persuaded that the mere initiation of a declaratory judgment action to determine rights and obligations under an insurance contract is sufficient to state a claim for breach of the duty of good faith.[3]

In reaching this conclusion, the Court is cognizant of the nature of the duty of good faith in Delaware, as well as the nature of a declaratory judgment action such as Penn Mutual's. The Delaware Supreme Court has stated that application of the

---

[3] In reaching this conclusion, the Court recognizes that its holding is at odds with The Penn Mutual Life Insurance Company v. Rodney Reed 2006 Insurance Trust, Civ. No. 09-663, 2010 U.S. Dist. LEXIS 48736, at *8 (D. Del. May 17, 2010) (Joyner, J.) (finding allegations that defendant breached duty of good faith under Delaware law by attempting to rescind insurance policy without reasonable basis sufficient to withstand motion to dismiss).

9

implied duty of good faith "should be a rare and fact-intensive exercise, governed solely by issues of compelling fairness. Only when it is clear from the writing that the contracting parties would have agreed to the act later complained of . . . had they though to negotiate with respect to that matter may a party invoke the covenant's protections." Dunlap, 878 A.2d at 442 (internal quotations and citations omitted). The Trust has failed to plead any facts which, taken as true, could lead the Court to infer that an implied contractual obligation in the Glasser Policy precludes Penn Mutual from bringing its declaratory judgment action. Moreover, in the Court's view, that an interested party to an actual controversy seeks a determination of its rights and legal obligations as permitted under 28 U.S.C. § 2201 does not necessarily mean that the party is attempting to frustrate the other party's expectations or avoid its own legal obligations. Cf. Lawrence Rucker 2007 Ins. Trust, 674 F. Supp. 2d at 568 ("an action for declaratory judgment does not indicate an unconditional refusal to comply with [express] contractual obligations, but rather an attempt to carry them out.").

Accordingly, the Trust's counterclaim for breach of the duty of good faith will be dismissed.

**IV. CONCLUSION**

For the reasons discussed, Penn Mutual's Motion To Dismiss

10

The Counterclaims of Defendants Barbara Glasser 2007 Insurance Trust And Christiana Bank & Trust Company will be granted in part and denied in part.  Specifically, with respect to Defendants' declaratory judgment counterclaim, dismissal will be granted on the redundant counterclaim and the counterclaim seeking a declaration that the Glasser Policy is otherwise valid and in full force and effect.  Dismissal will be denied on the counterclaim seeking a declaration that Plaintiff is bound by the representations of its agents, and that any fraud or misrepresentations by its agents are imputed to Plaintiff.  With respect to Defendants' breach of the duty of good faith counterclaim, dismissal will be granted.

 An appropriate order will be entered.

11