IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PENN MUTUAL LIFE INSURANCE | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 09-677-RGA |
| BARBARA GLASSER 2007 INSURANCE TRUST, | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

The Plaintiff seeks to amend the complaint to add GIII as a defendant to an existing count (for a declaratory judgment) and to add a second count against GIII and the defendants for common law fraud and a third count against GIII alleging a violation of the Delaware Deceptive Trade Practices Act. I am denying the motion. As to common law fraud and the Deceptive Trade Practices Act, the Plaintiff has failed to state a claim against GIII. The allegations of fraud against GIII are quite conclusory, and essentially consist of, "GIII was in on the agreement." The allegations do not meet the standard required by Rule 9(b).

As for the Deceptive Trade Practices Act, the Plaintiff's allegation is essentially that it was deceived by its customer, aided and abetted by others. The Plaintiff alleges its claim based on subchapter III of the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2531, *et seq*. Section 2532 defines a "deceptive trade practice" to involve twelve different activities, mostly involving "goods" or "services." The Plaintiff does not specify upon which subsection it relies. Proposed ¶ 71 appears to parrot subsection (11) of § 2532, but omits the "price reductions" that

would make it obvious that subsection (11) does not apply. Proposed ¶ 70 appears to parrot subsection (12) of § 2532 [the catch-all subsection], but omits any allegation which would explain why the conduct "similarly creates a likelihood of confusion" to one of the first eleven subsections. Most likely, the reason for the insufficiency of the Plaintiff's pleading is because the Deceptive Trade Practices Act is not designed to address a situation remotely like what is pled in the Complaint. It does not appear that the Defendant could plead a viable claim, even if allowed another chance. As the Delaware Supreme Court stated:

> The Act is intended to address unfair or deceptive trade practices that interfere with the promotion and conduct of another's business. Unlike the Consumer Fraud Act, the DTPA is not intended to redress wrongs between a business and its customers.

Grand Ventures, Inc. v. Whaley, 632 A.2d 63, 65 (Del. 1993). Amendment of the claim would be futile.

As to the count seeking a declaratory judgment against GIII, I have some doubt that there is an actual controversy between the Plaintiff and GIII. In any event, a declaratory judgment in relation to the other parties will resolve whatever controversy actually exists, and thus, more than two years into this litigation, there is no reason to add another party.

There is essentially no "failure to state a claim" argument by the existing defendants against the amendment of the complaint to allege common law fraud against them. The defendants also argue that the Plaintiff has been dilatory, acting in bad faith, etc., but I do not see any actual prejudice to the existing defendants in such an amendment.

Thus, this 27th day of March 2012, IT IS HEREBY ORDERED that:

1. The Motion for Leave to Amend (D.I. 94) is **DENIED**. The Plaintiff is **GRANTED**

leave to amend to allege a count of common law fraud against the existing Defendants.

                                                    *Richard G. Andrews*
                                                    United States District Judge